JUSTICE NELSON,
dissenting.
¶50 I dissent.
¶51 Inexplicably, the Plurality refuses to follow our recent decision in State v. Matt, 2008 MT 444, 347 Mont. 530, 199 P.3d 244. The Plurality’s approach is not based on any new arguments or any intervening change in the law. Indeed, we reaffirmed Matt’s analytical framework last month in State v. Godfrey, 2009 MT 60, 349 Mont. 335, 203 P.3d 834. Nevertheless, the Plurality chooses not to follow this Court’s precedents and instead applies the analysis argued by one of the Matt dissents. That approach and the rationale for it were considered and rejected by the Matt Court, and nothing has occurred during the last three months to justify the Plurality’s refusal today to apply the holding of Matt to Price’s right-of-presence claim.
¶52 In Matt, we held that if a defendant’s fundamental right to be present has been violated, “prejudice is presumed.” Matt, ¶ 38. Furthermore, we stated that if the right-of-presence violation does not constitute a “structural defect” in the trial framework, “then the State has the burden to rebut the presumption by demonstrating there is no *284 reasonable possibility the violation prejudiced the defendant in light of the interests the right of presence was designed to protect.” Matt, ¶ 38 (emphasis added). We based this approach on the Supreme Court’s well-established rule that “ ‘[t]he State bears the burden of proving that an error passes muster under [the Chapman harmless-error] standard.’ ’’Matt, ¶ 35 (quoting Brecht v. Abrahamson, 507 U.S. 619, 630, 113 S. Ct. 1710, 1717 (1993), and citing Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828 (1967)). As noted, we recently reaffirmed this burden in Godfrey. See Godfrey, ¶ 33 (‘With this backdrop, we consider whether the State has met its burden.”); Godfrey, ¶ 37 (“Similarly, here, based upon the record of these proceedings relative to the jurors’ questions and the District Court’s responses, we conclude that the State has demonstrated there is no reasonable possibility that Godfrey’s exclusion from these proceedings prejudiced him in light of the interests his presence was designed to protect.”).
¶53 Today, however, the Plurality reverts to a simple analysis of the record without imposing any burden on the State. Plurality, ¶ 32. This is the approach advocated by one of the Matt dissents. See Matt, ¶¶ 51-52 (Warner, J., & McKinnon, J., dissenting) (“Rather than place some sort of burden on the State at the appellate level, this Court should carefully examine the record to determine if the denial of the right to be present could have reasonably contributed to a conviction. . . . [A] defendant must make a persuasive claim to the appellate court that he was prejudiced.” (paragraph break omitted)). Yet, this approach was implicitly rejected by the Matt Court and was explicitly rejected by those same Justices in Chief Justice Gray’s concurring opinion. See Matt, ¶ 64 (Gray, C.J., and Cotter, Nelson, & Leaphart, JJ., specially concurring) (“[W]e simply cannot-in the face of a violation of the constitutional right to be present at critical stages-ignore the Supreme Court’s determination that the State bears the burden of proving that a constitutional error passes muster under the Chapman standard.”).
¶54 Although the Plurality does not speak for a majority of this Court, today’s Opinion nevertheless sends very confusing signals to the bench and bar. We need one clear test, which the majority of this Court already endorsed in Matt, and we need to apply it consistently.
¶55 I dissent.
JUSTICE COTTER joins the Dissent of JUSTICE NELSON.